IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 6912 |
| ) | (92 CR 307-4) |
| BILLY RODRIGUEZ, etc., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Over a year ago this Court dismissed an effort by Billy Rodriguez a/k/a Billy Valentin ("Valentin")[1] in Case No. 04 C 5691 to set aside and vacate the 292-month custodial sentence that this Court had imposed on him some 11-1/2 years earlier and that he is in the midst of serving.[2] At that time Valentin complained that this Court's initial September 1, 2004 effort had purportedly recharacterized his motion as brought under 28 U.S.C. §2255 ("Section 2255"), but the follow-up memorandum that this Court issued on October 18, 2004 explained that was the only possible characterization of Valentin's effort and, more importantly, that it made no difference anyway.

---

[1] Because defendant's true last name is Valentin, even though he was criminally charged under the Rodriguez surname, this memorandum order (like this Court's earlier orders) will conform to defendant's real name.

[2] Both as a matter of information and for a full understanding of what is said here, photocopies of the September 1, 2004 memorandum opinion and order (issued under Case No. 04 C 5691 as well as Valentin's criminal case number) and of the follow-up October 18, 2004 memorandum are attached to this order.

Now Valentin has tendered what he expressly labels as his "Petition Under 28 U.S.C. §2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." This Court accepts that characterization, and it will further accept arguendo Valentin's contention that Case No. 04 C 5691 did not come under the same Section 2255 rubric.[3] But with the current filing thus viewed as a first Section 2255 motion, this Court holds that it is too late by many years in light of the one-year limitation period applicable to Section 2255 motions. And that holding calls for a straightforward repetition of the final paragraph of the September 1, 2004 memorandum opinion and order:

> In summary, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts). That being true, the same Rule 4(b) mandates summary dismissal of the motion. This Court so orders.

Milton I. Shadur
Senior United States District Judge

Date: December 9, 2005

---

[3] If this Court were to treat the earlier filing as brought under Section 2255, Valentin would be required to seek appellate certification for a "second motion" under the final paragraph of Section 2255.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America     )
                             )
          Plaintiff,         )
                             )   No. 04 C 5691
     v.                      )   (92 CR 307-4)
                             )
Billy Rodriguez, a/k/a       )
Billy Valentin               )
                             )
          Defendant.         )

MEMORANDUM OPINION & ORDER

Billy Rodriguez a/k/a Billy Valentin ("Valentin")[1] has filed a pro se 28 U.S.C. § 2255 ("Section 2255") motion to set aside and vacate the 292 month custodial sentence that this Court imposed on him some 11-1/2 years ago and that he is in the midst of serving.[2] Although Valentin has not provided a copy of his motion for service on the United States Attorney's office, that turns out to be unnecessary because the motion so clearly calls for its summary dismissal.

Because so many years have elapsed since Valentin was sentenced, his only prospect for escaping dismissal under the one-year period of limitation established by Section 2255 ¶ 6

---

[1]Because defendant's true last name is Valentin, even though he was criminally charged under the Rodriguez surname, this memorandum order will conform to defendant's real name.

[2]Valentin begins by asking for the waiver of any necessary filing fee. Because no filing fee is charged for a Section 2255 motion, that aspect of his request is denied as moot.

would be to qualify under the third of the four alternatives set out in that paragraph, under which a new limitations clock would begin to tick on:

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In that respect it is obvious that the prison grapevine has been operating overtime to suggest to long-ago-sentenced prisoners such as Valentin that they can somehow draw comfort from the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004).

On that score Valentin fails for two fundamental reasons. First, nothing in Blakely suggests -- and this Court continues to decline to hold -- that its decision should be retroactively applicable to otherwise late-filed Section 2255 motions seeking collateral review. And second, even if that were not the case, the factor that set the Sentencing Guideline range of 292 to 365 months for Valentin was Guideline §4B1.1(A)'s career offender provision -- and in that regard Blakely (like the Apprendi case that preceded it) expressly teaches that a defendant's prior criminal history (the fact that triggered career offender status for Valentin) does not have to be submitted to a jury for

2

determination.³

There is no need to address Valentin's numerous other contentions for two reasons. For one thing, several of them do not assert constitutional violations that could qualify for Section 2255 relief in any event. And as for those other contentions (if any) that could arguably implicate constitutional rights, they have long since been outlawed by Section 2255's one year limitation period.

In summary, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts). That being true, the same Rule 4(b) mandates summary dismissal of the motion. This Court so orders.

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

September 1, 2004

---

³When this Court imposed sentence on Valentin, it reduced the offense level of 37 that was generated by his career offender status by two levels because of his acceptance of responsibility. In doing so, this Court accepted the position advanced by Valentin's counsel and rejected the probation officer's view that a credit for acceptance of responsibility did not apply.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
       v.                       )    No. 92 CR 307-4
                                )
BILLY RODRIGUEZ, etc.,          )
                                )
                Defendant.      )

MEMORANDUM

Billy Rodriguez a/k/a Billy Valentin ("Valentin")[1] has filed a pro se notice of appeal from the Opinion, which summarily dismissed Valentin's years-late motion to set aside and vacate the 292-month custodial sentence that this Court had imposed on him more than a decade ago. In material part, although the notice of appeal also includes a number of other scattershot assertions, Valentin complains of what he characterizes as this Court's arbitrary construction of his motion as having been brought under 28 U.S.C. §2255 ("Section 2255").

This Court is of course well aware that it is inappropriate to <u>recharacterize</u> as a Section 2255 motion a post-conviction effort to gain relief by someone in federal custody. But in this instance Valentin had simply labeled his motion as "Defendants Pro Se Motion To Set Aside and Vacate Sentence," without

---

[1] Because defendant's true last name is Valentin, even though he was criminally charged under the Rodriguez surname, this memorandum order--like this Court's September 1, 2004 memorandum opinion and order ("Opinion")--continues to conform to defendant's real name.

attaching any label to it other than "motion," and the only conceivable source of such relief so long after the fact would have been under Section 2255 (by contrast, jurisdiction to correct or reduce a sentence under Fed. R. Crim. P. 35(a) exists for only the shortest of time spans--seven days--and for limited grounds). Moreover, Valentin had tendered no fee and had captioned his filing under the original criminal Case No. 92 CR 307-4--treatment also consistent only with a Section 2255 motion.

Accordingly the Opinion did indeed treat Valentin's submission as a Section 2255 motion, with no intention of engaging in an impermissible recharacterization. It may be added, albeit parenthetically, that the potential harm from any recharacterization (the possibility that a later effort by Valentin might be treated as a second motion, one requiring appellate certification under the final paragraph of Section 2255) is entirely absent here, because _any_ Section 2255 motion on his part must be doomed not only as untimely but also for the added ground specified in the Opinion.

                                          _/s/ Milton I. Shadur_
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: October 18, 2004